THE JOHNSON CONSTRUCTION COMPANY, a corporation, Re-
spondent, v. MELVIN A. HILDRETH, Appellant.

(185 N. W. 811.)

**Contracts — verdict for compensation for construction of cement basement
wall sustained.**

    For the construction of a cement basement wall under the house of
defendant on Eighth Street, in the City of Fargo, the jury found a verdict

against him for $243.44 and interest.  **Held,** that the verdict is clearly right and the judgment is affirmed.

Opinion filed Nov. 18, 1921.  Rehearing denied Dec. 10, 1921.

Appeal from the District Court of Cass County; *Cole, J.* Affirmed.

*Melvin A. Hildreth,* Defendant and Attorney in pro. per., and *S. L. Nuchols,* for appellant.

"Testimony collateral to the issues which would merely tend to prejudice the jury should be rejected."  Jones Commentaries on Evidence, Vol. 1, citing more than a hundred cases.

It must be first shown that there was substantial similarity of conditions, citing the following authorities.  Metropolitan W. S. R. R. Co. v. Dickinson, 47 N. E. 706; Ramsey v. Rushville & M. Gravel Road Co. 81 Ind. 394; Louisville Water Co. v. Weis, (Ky.) 76 S. W. 356; Hughes v. General Electric L. & P. Co. (Ky.) 54 S. W. 723.; 25 Am. St. Rep. 782; 57 Am. St. Rep. 810; 21 Am. St. Rep. 262; 110 Mass. 134; 50 S. W. 84; Western Ins. Co. v. Tobin, 32 Ohio, St. 77; Barrett v. Hammond, 87 Wis. 654; 58 N. W. 1053.

In Louisville Water Co. v. Weis, 76 S. W. 356 it was held: "That evidence to show that other cellars were flooded by a leaking meter was properly excluded."

In Clark v. Water Power Co., 52 Me. 75 it was held: "In an action for diverting a stream, injuries to another mill-owner were rejected on the facts, because "There were no elements of comparison offered which could afford any safe or reliable data for the judgment of a jury.  Wigmore on Evidence, Vol. 1, p. 526 to 540.

In Sugar C. C. M. Co. v. Peterson, 177 Ill. 324, it was held:  That evidence should be rejected of the felling of mine-roof in another place. Such evidence being collateral.

In the case of Fitzsimons & Connell Co. v. Braun, 65 N. E. 249, it was held, in a suit to recover damages for an injury to a building by dynamite blasts near by; the fact that adjacent buildings were or were not injured by the same blasting, was excluded, as not within the issue.

*Taylor Crum,* for respondent.

ROBINSON J.  The complaint avers that in November, 1914, in the city of Fargo, the plaintiff performed services for the defendant, at his

request, in rebuilding a basement wall and furnishing materials; that the same was reasonably worth $343.44; that no payment has been made except $100 on December 4, 1914. The answer is that the work was done under a written contract whereby the plaintiff agreed to do the same for $250 and 10 per cent.; that plaintiff did the work so unskillfully that the basement wall cracked and broke and was· of no value, to the damage of defendant $1,000. The verdict is for the plaintiff, $243.44, with interest from December 1, 1914, at 6 per cent. The written contract mentioned in the answer consists of two letters. Mr. Hildreth wrote the plaintiff on October 3, 1914: "I would like to have you look at the crack in my basement wall and give me an idea of the expense of rebuilding it." The answer was this:

· "October 10, 1914.

"Mr. Hildreth: In compliance with your request we have made an examination of the basement walls of your house on Eighth Street South, and in our judgment it will cost you about $250 to do the necessary repairs. We will gladly do it on a ten per cent. basis."

Clearly that was not a contract to do the work and furnish the materials for a definite sum. It was an offer to do it for what it was reasonably worth, or for the cost of labor and material with ten per cent. profit. When the work was done an account was rendered showing the cost of the labor and of the materials.

The amount was _____$312.22
The 10 per cent. was _____  31.22

The total amount was _____$343.44

As the evidence clearly shows, the charges were correct and the work was well done and the basement wall put down to the level directed by Mr. Hildreth. But the wall did crack by reason of the fact that the house was built on the brow of the hill adjacent to a big slough, and the earth under the wall gradually sagged and settled down, and for the same reason there occurred a similar crack in the cement basement walls of all houses on the brow of that sagging hill. But that was not the fault of the contractors. The crack might possibly have been prevented by reinforcing the basement wall with numerous iron rods or by putting the wall to a much greater depth, but that would have greatly increased the expense, and it was not within the contemplation or thought of either party. The sinking of the earth under the wall is a misfortune for which

no party is in any way responsible. As the verdict is clearly right, there is no occasion for a discussion of the testimony or the assignment of errors.

Judgment affirmed.

GRACE, C. J. and CHRISTIANSON and BIRDZELL, JJ., concur.

BRONSON, J., concurs in result.